[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant has moved to dismiss claiming that the notice to quit and subsequent service of process is defective, thus depriving the court of jurisdiction. The notice to quit and the writ recite the address of the premises as 23 Greene Avenue, Apartment 3, whereas the defendant claims the correct address is 25 Greene Avenue, Apartment 3. The record discloses that the defendant's attorney filed an appearance the day before CT Page 4353 the return date and filed his motion to dismiss on the return date. Although the plaintiff aptly pointed out that the defendant did not comply with P.B. Rule 143 requiring that the motion "always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits," the Court nevertheless heard the parties rather than summarily denying the motion.
Based on the arguments and testimony submitted at the hearing, the Court finds that the notice to quit and the writ were served at the premises occupied by the defendant and which are the subject of this action. In addition, the Court finds that the defendant had checking accounts with two separate banks, one showing his address as "25 Greene Ave., Unit 3" the other as "23 Greene Ave." Testimony also established that the building where the premises are located and which the defendant occupied at Greene Avenue, Norwich, Connecticut has both the numbers 23 and 25 affixed thereto.
The misdescription in this case, if in fact it can be categorized as such, is so trivial that a reasonable person could not be confused by it.
Where the tenant is served at the correct address and the misdescription is so minor as to not confuse a reasonable person, a dismissal is not required. Holt v. Zona, SPNH 8408-07470 N.H. (1984) (N.H.H.D. #278); Proulx v. Sargent, SPNH 8411-8008 WH (1985); Kavanaugh v. Sharp, SPH 8309-20660 (1983).
The Motion to Dismiss is DENIED.
Tamborra, JTR